McKEAGUE, Circuit Judge,
concurring.
I concur in the result and analysis of the majority opinion. I write separately simply to disavow the implied suggestion, in Part IV, that the officers needed “probable cause” to justify their protective sweep of the apartment.
In United States v. Taylor, 248 F.3d 506, 514 (6th Cir.2001), the majority correctly observes, we upheld a protective sweep of an apartment where officers had entered by consent, observed contraband in plain view, and wanted to secure the area while a search warrant was obtained. The Taylor opinion mentions probable cause to search because that is what justified the officers’ staying in the suspect’s apartment while a search warrant was obtained. It was because the officers were justified in remaining in the apartment and “had articulable facts to support their belief that there were other persons ... in the apartment who posed a threat to their safety,” that the protective sweep was justified. Id. Taylor’s reference to probable cause was thus incidental to the question of the lawfulness of the officers’ presence.
*277 In applying the teaching of Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), most of our sister circuits have likewise concluded that a protective sweep is permissible as long as the officers were lawfully present (whether authorized by arrest warrant, exigent circumstances or consent) and had reasonable, articulable suspicion of danger. See e.g., United States v. Martins, 413 F.3d 139, 149-50 (1st Cir.2005); United States v. Miller, 430 F.3d 93, 99 (2d Cir.2005); United States v. Laudermilt, 677 F.3d 605, 610 (4th Cir.2012); United States v. Scroggins, 599 F.3d 433, 440-41 (5th Cir.2010); Leaf v. Shelnutt, 400 F.3d 1070, 1086-87 (7th Cir.2005); United States v. Cisneros-Gutierrez, 598 F.3d 997, 1006-07 (8th Cir.2010); United States v. Caraballo, 595 F.3d 1214, 1224 (11th Cir.2010); but cf. United States v. Torres-Castro, 470 F.3d 992, 996-97 (10th Cir.2006) (construing Buie as permitting protective sweep only incident to lawful arrest).
According to Taylor, then, and authorities from most of our sister circuits, determining whether a protective sweep was justified presents a twofold inquiry: Were the officers lawfully present and did they have reasonable, articulable suspicion of danger? The majority opinion well explains that the officers in this case were lawfully present on the premises, by virtue of Holland’s consent, and had articulable suspicion that an individual was present who posed danger. This is sufficient to justify the protective sweep, irrespective of whether the officers also had “probable cause.”